UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES GIEHL,

      Plaintiff,

v.                                                                    Case No.:   8:23-cv-676-MSS-MRM

OCWEN FINANCIAL
CORPORATION, SHELLPOINT
MORTGAGE SERVICES, NEW
PENN FINANCIAL, NEWREZ and
PHH MORTGAGE,

      Defendants.

_____/

## **ORDER**

Before the Court is Plaintiff's Motion for Entry of Default Against Defendants Shellpoint Mortgage, New Penn Financial, and NewRez.  (Doc. 13).  Plaintiff moves under Federal Rule of Civil Procedure 55(b) for an entry of default and default judgment against those three defendants.  (*Id.*at 1).

Plaintiff's motion, which moves only for default judgment under Rule 55(b)(2), is "premature because a Clerk's default must be entered prior to the entry of default judgment."  *Brantley v. Drug Enf't Admin.*, No. 2:15-cv-802-FtM-29CM, 2016 WL 7440836, at *2 (M.D. Fla. Dec. 27, 2016); *see also Bardfield v. Chisholm Props. Cir. Events, LLC*, No. 309cv232/MCR/EMT, 2010 WL 2278461, at *6 (N.D. Fla. May 4, 2010), *report and recommendation adopted*, 2010 WL 2278459 (N.D. Fla. June 4, 2010) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2),

there must be an entry of default as provided by Rule 55(a).").  Plaintiff should file a motion for entry of clerk's default under Rule 55(a) before moving for default judgment under Rule 55(b).  Because Plaintiff's motion appears to move for both an entry of default and default judgment at the same time, Plaintiff's motion is procedurally improper, and the motion should be denied on this basis alone.  *See Brantley*, 2016 WL 7440836, at *2.

Additionally, the motion is facially deficient because it does not include a memorandum of law, as required by this Court's Local Rules.  (*See* Doc. 31); *see also* M.D. Fla. R. 3.01(a) ("A motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request.").  Plaintiff, beyond citations to Rule 55(b), does not provide a single citation to supporting legal authority.  (*See* Doc. 31).  This failure also warrants denial of the motion.

Finally, the Court notes another concern for Plaintiff to consider prior to renewing any request for relief under Rule 55.  Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Prior to directing the Clerk of Court to enter a default, however, the Court must first determine whether Plaintiff properly effected service of process.  *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-cv-809-FTM-38, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014).  For such a motion, Plaintiff has

the burden of establishing effective service of process.  *See Zamperla, Inc. v. S.B.F. S.R.L*, No. 6:13-cv-1811-ORL-37, 2014 WL 1400641, at *1 (M.D. Fla. Apr. 10, 2014).

Under the Federal Rules of Civil Procedure, a plaintiff may serve a corporate defendant as follows:

> [D]elivering a copy of the summons and of the complaint to an officer, a managing or general agent, or *any other agent authorized by appointment or by law* to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(B) (emphasis added).  A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

Here, Plaintiff's returns of service for NewRez, New Penn Financial, and Shellpoint Mortgage all demonstrate that a summons, a complaint, and attachments were served to the same person, Caroline Trinkley, at the same address, 75 Beattie Place, Suite 300, Greenville, South Carolina 29601.  (Docs. 9-1, 9-2, 9-3).  Each return of service states that Ms. Trinkley is the "authorized legal agent" for each corporate entity.  (Docs. 9-1, 9-2, 9-3).

But neither the returns of service nor Plaintiff in his motion explain who Ms. Trinkley is or the basis for concluding that she is the "authorized legal agent" for all three companies.  A quick search on the South Carolina Secretary of State Business

3

Entities Online website shows (1) the registered agent for NewRez LLC is

Corporation Service Company, 508 Meeting Street, West Columbia, South Carolina

29169, (*NewRez LLC*, South Carolina Secretary of State Business Entities Online:

File, Search, and Retrieve Documents Electronically (June 5, 2023, 3:45 PM),

https://businessfilings.sc.gov/BusinessFiling/Entity/Profile/1a0e056c-75de-4188-

a1b0-25d443699f51); and (2) New Penn Financial, LLC may have changed its name

to NewRez LLC, and it has the same registered agent, (*id.*).  The search provides no

information that Shellpoint Mortgage is a South Carolina entity, but the company's

website labels it as a "division" of NewRez.  (*Welcome to Shellpoint*, Shellpoint (June

5, 2023, 3:54 PM), https://www.shellpointmtg.com/welcome-to-shellpoint/.  This is

all to say that the Court could not find information establishing Ms. Trinkley as an

individual authorized to receive service on behalf of any of the three corporate

entities.  If Plaintiff chooses to renew his motion for entry of clerk's default, he must

explain in that motion why service was properly effected on each of the defendants.

## CONCLUSION

Accordingly, the Court **ORDERS** that:

1. Plaintiff's Motion for Entry of Default Against Defendants Shellpoint
   Mortgage, New Penn Financial, and NewRez (Doc. 13) is **DENIED
   WITHOUT PREJUDICE**.

2.    Plaintiff may renew his motion for entry of clerk's default in compliance

with all applicable federal and local rules and in accordance with this

Order on or before **June 27, 2023**.

**DONE** and **ORDERED** in Tampa, Florida on June 6, 2023.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties