UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES GIEHL

    Plaintiff,                                                        Date: 06/25/2023

v.                          Case No. DFLM 8:23 CV 676 MSS-MRM

OCWEN FINANCIAL CORPORATION,
SHELLPOINT MORTGAGE,
NEW PENN FINANCIAL,
NEWREZ,
PHH MORTGAGE,

    Defendants.
_____/

_____

**Motion for Entry of Clerk's Default**
_____

    **COMES NOW**, Plaintiff, James Giehl, move(s) this Honorable Court for entry of a "Clerk's Default" against the following (3) listed Defendants, Shellpoint Mortgage, New Penn Financial, and NewRez under Rule 55(a), and would show:

**INITIAL SERVICE INFORMATION:**

1. On May 10, 2023, a copy of said Complaint(s) and a Summons(s) in this Civil Action were served by an independent process server upon: Caroline Trinkley, Authorized Legal Representative for NewRez, New Penn Financial, and Shellpoint Mortgage. A copy of the Process Receipt, Return, and Summons is attached hereto as (**Exhibit 1**) and is incorporated herein by reference.

2. Each of the (3) Summonses (with attached complaints) were served at: 75 Beattie Place, Suite 200, Greenville, SC 29601. The names listed on the (3) Summons were as follows:

   a. Shellpoint: Jack Navarro, CEO, or Director

   b. New Penn Financial: Jack Navarro, CEO, or Director

   c. New Rez, LLC: Jack Navarro, CEO, or Director

**BACKGROUND INFORMATION:**

3. On 06/30/2017, two of the companies (New Penn Financial and Shellpoint) listed above supplied information and/or made filings within the original Sarasota Circuit Court Civil Case Number <u>2015 CA 001828 NC</u> (will be referenced as the "2015 case"), as seen within (**Exhibit 2**). The exhibit, which was drafted by and filed on behalf of the defendant(s) themselves, shows the following information:

  a. Page 1, Paragraph 1: New Penn Financial was "doing business as" d/b/a Shellpoint Mortgage Servicing.

  b. Page 3: The "notary" utilized by Shellpoint was based in South Carolina.

  c. Page 5: The top of the page shows that Shellpoint Mortgage Servicing had a PO Box mailing address located in Greenville, South Carolina 29630.

  d. Page 8: The bottom of the page shows a physical mailing address for Shellpoint which was: 55 Beattie Place, Suite 110, Greenville, SC 29601.

4. Upon reviewing the original "2015 case" further, James Giehl located another filing (dated 02/05/2019), which was filed on behalf of all (3) defendants (**Exhibit 3**). This filing showed the correlation and connections between the (3) defendants (the businesses) who are listed within the current federal case (New Rez, New Penn Financial, Shellpoint). Exhibit 3 was filed within the "2015 case"; this exhibit shows:

  a. Page 1: The top of the page shows the document was "sworn" in Greenville, SC.

  b. Page 1, Paragraph 1: Shows – New Rez LLC, "formally known as" f/k/a New Penn Financial LLC was now "doing business as" d/b/a Shellpoint Mortgage Servicing.

  c. Page 3, Signature Block: Shows – New Rez LLC, "formally known as" f/k/a New Penn Financial LLC was now "doing business as" d/b/a Shellpoint Mortgage Servicing.

  d. Page 3: The "notary" utilized was based in South Carolina.

5. Based on the facts noted above from the (2) separate filings submitted by the defendant(s) themselves within the original "2015 case", James Giehl knew:

    a. all (3) businesses were located in or around Greenville, South Carolina,

    b. all (3) businesses were positively connected,

    c. New Rez was the new name for New Penn Financial,

    d. New Penn Financial no longer existed,

    e. New Rez was doing business as Shellpoint, and

    f. Shellpoint had a prior physical address of: 55 Beattie Place, Suite 110, Greenville, SC 29601.

6. Based on the information above -- since New Rez was "doing business as" Shellpoint -- the Plaintiff then searched for the name of the CEO of Shellpoint. The CEO of Shellpoint logically would be the best person to "service" within the new federal case for all (3) defendants. Based on a February 19, 2021 article taken directly off of Shellpoint's own website, Shellpoint stated that Jack Navarro was the CEO (**Exhibit 4**).

7. The Plaintiff then searched the internet for any active business location(s) within the State of Florida, where any of the (3) defendant(s) could be properly served within the state. No such business address in Florida could be

located for any of the (3) defendants.

8. The Plaintiff then reviewed Florida Rules of Civil Procedure 1.070, Florida Statues 48.062, 605.0117, 48.081, and 607.0504 for the procedures within the State of Florida to properly serve the (3) defendants. Florida Statues 605.0117 and 607.0504 referenced going to the Florida Secretary of State website. Upon visiting the website, a link for (www.sunbiz.org) is listed on it as the main place to search for corporation(s) contact information. This site also provided the proper "service of process" instructions for any corporation(s) doing business in Florida.

9. The Plaintiff then searched the Florida Division of Corporations (FDC) website (www.sunbiz.org) for any information on Shellpoint, New Rez, and New Penn Financial. The following information was found within their records:

    a. Jack Navarro (CEO) was listed under the newest filing (filed 01/07/2019) for New Rez (within Document Number M08000003372). Jack was listed as an "Authorized Persons" and "Manager" for the company, and also showed his address (where he was located) to be: 75 Beattie Place, Suite 200, Greenville, SC 29601 (**Exhibit 5**). The filing also listed "Shellpoint Partners" under Jack Navarro's name on the same document – as directly connected to New Rez.

    b. There was no name of a real person (whom can be served) within the "registered agent" listed for New Rez listed on the website. The

Plaintiff then made two separate calls to the "registered agent" who was listed for New Rez, and both times the person who answered the phone stated to review the company's website (New Rez) and that they could not provide any other information and/or names.

    c.    Next, Document Number M08000003372 (filed on 07/17/2008) was found which showed the name change from New Penn Financial to New Rez. (**Exhibit 6**). This also proves that New Penn Financial no longer existed as of that date.

    d.    No separate document and/or filing could be found on the official (FDC) website for Shellpoint.

10.    Next, the Plaintiff then did an extensive internet search for Shellpoint's physical address; the search revealed the following address: 75 Beattie Place, Greenville, SC 29601 (**Exhibit 7**). In addition, a second search was performed, which located the exact same address (as listed above); this same exact address was found on Shellpoint's very own website (**Exhibit 8**).

11.    The extensive research completed by the Plaintiff (listed above) logically concluded the follow facts:

    a.    New Penn Financial is now called New Rez,

    b.    New Penn Financial no longer existed,

    c.    New Rez was doing business as Shellpoint,

  d. The best service address for both New Rez and Shellpoint was at the following address: 75 Beattie Place, Greenville, SC 29601,

  e. Jack Navarro was the CEO of Shellpoint,

  f. Jack Navarro was also a senior manager (and/or CEO) within New Rez,

  g. Jack Navarro's physical address was: 75 Beattie Place, Suite 200, Greenville, SC 29601,

  h. Jack Navarro was positively tied to the address (listed above) off the filing submitted by New Rez on the FDC website,

  i. The same New Rez filing on the FDC website also showed the direct connection between New Rez and Shellpoint, and

  j. Based on the facts listed above, it was logically concluded that the best "service" address for the CEO and for all (3) defendants was at: 75 Beattie Place, Suite 200, Greenville, SC 29601.

## **MEMORANDUM OF LAW IN SUPPORT**

12. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

13. Within this case, the properly filed return of service states that on May 10, 2023, an independent process server personally served Caroline Trinkley, an Authorized Legal Representative for NewRez, New Penn Financial, and Shellpoint

Mortgage. This was done by delivering a true copy of the (3) Summonses and Complaints to the physical address listed for each of the (3) defendants; the address utilized was as follows: 75 Beattie Place, Suite 200, Greenville, SC 29601. The (3) Affidavits by process server constitute prima facie showing that the (3) defendants have been properly served. *Udoinyion v. The Guardian Security*, 440 F. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre*, Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012).

14. In an effort to properly serve each of the (3) listed defendants (as listed above), the plaintiff followed Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1) which stated that a plaintiff may serve defendant(s) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The plaintiff then followed Florida Rules of Civil Procedure 1.070, Florida Statues 48.062, 605.0113, 605.0117, 48.081, and 607.0504 to properly serve the (3) listed defendants.

15. Upon further review of Florida Statues 605.0117 and 607.0504, they referenced the Florida Secretary of State and registered agents of a business to affect service. Once on the Florida Secretary of State's website, that website then

directed individuals to the Florida Division of Corporations website (sunbiz.org) to find all business contact(s) and "service of process" information.

16. Once on the "sunbiz.org" website, the instructions and "service of process" link was found under the dropdown for "Authentications, Notaries, and Other Services" (located on the top right of the website). Once there, line one states that the Florida Division of Corporations only accepts "*Substituted Service of Process under Chapter 48 of the Florida Statutes*." This type of "substituted service" was not acceptable at this point in time for the listed defendants.

17. The plaintiff then clicked the link located on line five of the same website, which was used "*to find the name and address of an entity's registered agent*." Once the link opened, the plaintiff then searched (sunbiz.org) for the (3) defendants proper contact information. The website searched was as follows: (https://search.sunbiz.org/Inquiry/CorporationSearch/ByName). The information listed on this website was knowingly and willingly filed by every business (names/addresses) listed within; information which requires an immediate update by each business if any information listed there had changed. As such, the information can be logically concluded as accurate for each business.

18. Based on a search for New Rez, there was no "individual name" listed with the "registered agent" business name. So, as a direct result, no "real person" could be "properly served" at the "registered agent" address listed for New Rez on

the website (**Exhibit 9**).  In addition, no "registered agent" at all could be located for Shellpoint anywhere on the website.  Based on the filings and actions taken by Shellpoint within the prior case (Sarasota Circuit Court Case # 2015-CA-001828), they were required to be listed on and have a "registered agent" listed within the Florida Department of Corporation website.  Both of these facts violated Florida Statue 605.0113(1)(b), which states:

> "*A registered agent, who must be: 1. An individual who resides in this state and whose business address is identical to the address of the registered office;*".

19.    Since no "real person" could be served at the registered agents Business location, the plaintiff then followed Florida Statue *48.062(2)(a), (b)* which stated:

> *"If service cannot be made on a registered agent of the limited liability company because of failure to comply with chapter 605 or because the limited liability company does not have a registered agent, or if its registered agent cannot with reasonable diligence be served, process against the limited liability company, domestic or foreign, may be served: On a member of a member-managed limited liability company; On a manager of a manager-managed limited liability company;"*

20.    As such, Jack Navarro was listed as a "manager" within the paperwork filed by NewRez within the Florida Department of Corporations website (sunbiz.org).  In addition, the NewRez filing showed Jack Navarro's physical address was located at: 75 Beattie Place, Suite 200, Greenville, SC 29601.  As a listed manager for New Rez, Florida Statue 48.062(2) authorized service to

Jack Navarro and also for New Penn Financial (since the company's name was changed to NewRez).

21. Furthermore, based on the research conducted by the plaintiff (outlined within this motion), it was concluded that Jack Navarro was the CEO of Shellpoint, and that Shellpoint was also located at: 75 Beattie Place, Suite 200, Greenville, SC 29601. This was the exact same physical address as listed for Jack Navarro (who was listed as a "manager") within NewRez's filing on (sunbiz.org). As such, Florida Statue 48.081(1)(a) allows for the service of process on Shellpoint to be done "*on the president or vice president, or other head of the corporation.*" As such, all (3) summonses were addressed to Jack Navarro and served at the same exact address.

22. Next, a general google search was done on Caroline Trinkley; she was the real person at the businesses physical address (75 Beattie Place, Suite 200, Greenville, SC 29601) who accepted service of all (6) summonses and complaints on behalf of the (3) listed defendants. The search concluded that Caroline Trinkley acted as an authorized agent of Shellpoint, New Penn, and New Rez in many prior legal proceedings involving the defendants. See: *Sims v. New Penn Financial LLC, No. 18-1710 (7th Cir. 2018)*, where United States Magistrate Judge Michael G. Gotsch Sr. stated:

> *"To show that the Sims did not timely complete their application, Shellpoint cites to the affidavit of Caroline Trinkley, an authorized representative of Shellpoint "familiar with the manner in which the business records, maintained by Shellpoint…"*

Also see: <u>Bank of N.Y. Mellon V. Perry</u>, No. 17-00297 DWK-RLP, 09/11/2018 and <u>Andrew Pratt v. New Penn Financial; et al</u>, BC 70202341, 04/9/2019.  Both of these cases show that Caroline Trinkley acted as an authorized legal agent for the defendant(s) within the case filings.

23.    In addition, Florida Statue *48.062(2)(c)* states:

> *"If a member or manager is not available during regular business hours to accept service on behalf of the limited liability company, he, she, or it may designate an employee of the limited liability company to accept such service."*

24.    Based on the statue(s) and the other facts listed above, it can be logically concluded that Caroline Trinkley was an "authorized legal representative" to accept service on behalf of the "manager" and the (3) defendants on May 10, 2023 in Greenville, SC.  This was based on the fact that Caroline Trinkley was employed by Shellpoint (a division of NewRez) within their legal department (as an Attorney/Paralegal) at the time indicated on the process service affidavit.

25.    Based on the facts contained within this motion, the Plaintiff has met the requirements as it relates to the proper service of process to the (3) defendants. See: <u>United States v. Donald</u>, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

26.  Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint.  The (3) defendants have failed to do so within the time period; therefore, the entry of Clerk's Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure is warranted.

**ADDITIONAL DETAILS:**

27.  On May 10, 2013, the (3) defendants were also served the complaint(s) for Sarasota County Florida Civil Case (#2023 CA 003515) by the same exact process server, at the same time of day, at the same address, and handed to the same exact person (**Exhibit 10**).

28.  On May 23, 2023, Attorney Steven Brian Greenfield filed a "Notice of Appearance" on behalf of the (3) listed defendants within the Sarasota, Florida civil case listed above (**Exhibit 11**).  The (3) defendants represented by Mr. Greenfield within the Sarasota civil case, are the same exact (3) defendants listed within this case.  As such, the Plaintiff knows this was the correct authorized person served (Caroline Trinkley) and the correct service address for the (3) defendants based on the above facts.

29.  No extension(s) of time has been sought by the Defendants.

30.  The (3) Defendant(s) have failed to file a responsive pleading and/or

motion to the Complaint.

31. Finally, the Plaintiff conducted an internet search for Caroline Trinkley as it related to her employment at Shellpoint and/or NewRez. Caroline was the person who accepted "service" of all six summonses and complaint's (3 federal and 3 state) at the address listed for all (3) defendants in Greenville, SC. Upon conducting an internet search, it was found that Caroline was a "Paralegal III" who worked for Shellpoint Mortgage Servicing in Greenville, South Carolina (**Exhibit 12**). A second search was also performed for Caroline, and the results showed that she has been an commercial litigation attorney for over 26 years (**Exhibit 13**).

32. A "paralegal" is defined by the American Bar Association (https://www.americanbar.org/topics/paralegal/) as a *"person, qualified by education, training or work experience who is employed or retained by a lawyer, law office, corporation, governmental agency or other entity and who performs specifically delegated substantive legal work."*

33. As such, it was determined by Caroline's position within the company(s) that she was authorized to receive legal "service" for (or on behalf of) the defendant(s). Furthermore, it was concluded that Caroline was well versed in law (her profile showed that she graduated from the State University of New York Law School) and could have either refused service and/or directed the independent

process server to another person and/or address.  This did not take place, as she willingly accepted service of all (6) case summonses and complaints on May 10, 2023.

34.  Furthermore, on June 02, 2023 after more than twenty days (excluding the Memorial Day Holiday) had elapsed since the service of said Complaint and Summons upon the defendants, James Giehl notified the (3) defendants by sending a letter via US Mail.  The letter was addressed to: Caroline Trinkley, Authorized Legal Representative of defendants and the letter clearly stated James Giehl's intentions to petition this Honorable Court for entry of a default judgment against the (3) defendants.  A copy of said letter is attached hereto as (**Exhibit 14**).  No response to said letter has been received by James Giehl as of this date.

## PRAYER

WHEREFORE, plaintiff seek(s) a "Clerk's Default" against the (3) defendant(s) as a result of the failure to respond.

## AFFIDAVIT

I, James Giehl, do hereby certify that the statements and allegations set forth in the foregoing Motion are accurate to the best of my knowledge and belief.

<u>06/25/2023</u>  Respectfully Submitted,
Dated

//s// *James Giehl*

_____

James Giehl
PO Box 234
Lutz, FL 33548
<u>Orlando102011@gmail.com</u>